# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00232-CR

**Quentin Dwight Russell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 282ND JUDICIAL DISTRICT
### NO. F-9946986-TS, HONORABLE ROBERT DOHONEY, JUDGE PRESIDING

Appellant Quentin Dwight Russell was placed on deferred adjudication community supervision after pleading guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 1994). The district court later revoked supervision on the State's motion, adjudged appellant guilty, and assessed punishment at imprisonment for ten years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit, except for a reformable error in the judgment. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there is no arguable reversible error. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of

counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

In his brief, counsel urges that the district court's judgment erroneously states that a $300 fine was imposed. The State concedes the error.

We have reviewed the record and counsel's brief and agree that reversible error is not presented. The district court's judgment is modified to reflect a punishment of imprisonment for ten years, without a fine. As modified, the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Modified and, as Modified, Affirmed

Filed:   December 7, 2000

Do Not Publish